UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 20-148-HRW

ANTHONY D. BUNCH,                                                    PLAINTIFF,

v.        **MEMORANDUM OPINION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income (SSI). The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for supplemental security income benefits in April 2019, alleging disability beginning in September 2017, due to hepatitis C, epilepsy/seizures, high blood pressure, high cholesterol, depression, bipolar disorder, and mood swings. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Joyce Francis (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Tina Stambaugh, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 39 years old at the time he filed for SSI. He completed one year of college. His past relevant work experience consists of work as a caregiver.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from obesity, hepatitis C, seizure disorder, headaches, bipolar disorder, and substance abuse disorder, which she found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments. In doing so, the ALJ specifically considered Listings 11.02 and

2

12.04.

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform a range of work that did not involve climbing ladders, ropes, or scaffolds or exposure to any workplace hazards, and also that he was limited to simple work that involved only occasional interaction with coworkers and supervisors and no interaction with the general public.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.   Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.   ANALYSIS

### A.   Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.   "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.   *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).    If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.   *Kirk v. Secretary of Health and Human*

3

*Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

  B.  **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) she did not adequately consider Listing 11.02; (2) she did not properly evaluate Plaintiff's credibility; and (3) she did not properly consider the opinion of Plaintiff's treating neurologist Alam Khan, M.D.

  C.  **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ not adequately consider Listing 11.02. In other words, Plaintiff argues that he should have been deemed presumptively disabled at Step 3.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964

4

F.2d 524, 528 (6th Cir. 1992).

If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id*. This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.

Listing 11.02A requires: "[g]eneralized tonic-clonic seizures occurring at least once a month for at least 3 consecutive months despite adherence to prescribed treatment." 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.02A.

The ALJ discussed the record as to pertains to seizures and specifically noted that "[n]o treating or examining medical source has recorded objective clinical or diagnostic findings that are the same as or medically equivalent to the criteria of any listed impairment" (Tr. 19). Further, the ALJ noted that the frequency of seizures fluctuated; treatment records establish Plaintiff had no seizures from December 2018 until May 2019. The ALJ also noted that the records reflect seizures in mid-2019 resulted from non-compliance with medication. This is substantial evidence in support of the ALJ's finding and Plaintiff has not carried his burden of proving

5

otherwise. Based upon the record, the ALJ properly found that Plaintiff's seizure disorder did not satisfy the criteria set forth in 11.02. Notably, the ALJ did not disregard Plaintiff's seizures. Rather, found them to be severe ate Step 2 and incorporated specific restrictions in the RFC resulting from seizures, e.g. no climbing of ladders, ropes and scaffolds and avoiding exposure to workplace hazards.

Plaintiff's second claim of error is that the ALJ did not properly evaluate Plaintiff's credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. Rather, the record supports that while Plaintiff has work-related limitations, as reflected in the RFC, he is not unable to perform any work activity whatsoever.

Finally, Plaintiff contends that the ALJ did not properly consider the opinion of Plaintiff's treating neurologist Alam Khan, M.D.

The Commissioner significantly changed the way medical source opinions are evaluated for claims filed on or after March 27, 2017, such as Plaintiff's. As relevant to Plaintiff's claim. *See* 20 C.F.R. § 404.1520c (2017). As an initial matter, the regulations no longer use the term "treating source"; instead, they use the phrase "your medical source(s)" to refer to whichever

6

medical sources a claimant chooses to use. *Id.* More importantly, following notice and comment, the Commissioner chose not to retain the "treating source rule" that could require deference to treating source opinion evidence. 82 Fed. Reg. at 5853. As the agency explained, since adoption of the "treating source rule" in 1991, healthcare delivery has changed in significant ways, and the agency's adjudicative experience has shown that the source of an opinion is no longer the most important factor for determining the persuasiveness of the opinion. *Id.*

In evaluating claims filed March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a) (2017).

Furthermore, while the agency adjudicator—in this case the ALJ—must articulate his or her consideration of all medical opinions, the regulations governing claims filed on or after March 27, 2017, no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (e.g., requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. § 404.1527(c)(2) (2016) and 20 C.F.R. § 404.1527(c)(2) (2017) with 20 C.F.R. § 404.1520c(b) (2017).

Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) using the following five factors: (1) Supportability (2) Consistency (3) Relationship with the claimant (which includes) (i) Length of the treatment relationship (ii) Frequency of examinations (iii) Purpose of the treatment relationship (iv) Extent of the treatment relationship (v) Examining relationship(4) Specialization (5) Other factors. 20 C.F.R. § 404.1520c(a)-(c) (2017).

The ALJ will explain how he or she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2) (2017). The ALJ must explain in his or her decision how persuasive he or she finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. *Id.* The ALJ may, but is not required to, explain how he or she considered the other remaining. 20 C.F.R. § 404.1520c(b)(3) (2017).

Alam Khan, M.D., completed a checklist style from entitled "11.02 Epilepsy, documented by a detailed description of a typical seizure and characterized by A, B, C, or D" and put a check next to section A ("Generalized tonic-clonic seizures occurring at least once a month for at least 3 consecutive months despite adherence to prescribed treatment") (Tr. 783-84).

The ALJ did not rely upon this opinion, stating that it lacked any kind of support in the record. Rather, it is at odds with the documentary evidence.  Further, the ALJ was correct in disregarding Dr. Kahn's conclusory opinion.  It is within the province of the ALJ to make the legal determination of disability.  The ALJ is not bound by a physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court   declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the

Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 30th day of July 2021.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge

9